Johnson CHANG, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 15464.

United States Court of Appeals
Third Circuit.

Argued Jan. 20, 1966.

Decided April 4, 1966.

Abraham Lebenkoff, New York City, for petitioner.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before KALODNER, Chief Judge, and McLAUGHLIN and GANEY, Circuit Judges.

GANEY, Circuit Judge.

The question presented in this petition to review an order of the Board of Immigration Appeals is whether a special inquiry officer of the Immigration and Naturalization Service has the authority to alternatively specify the country, in the event a person found to be deportable fails to depart voluntarily within the time required to a country named by him, to which the person shall be deported. We hold that he does.

Petitioner is a native of the mainland of China, and a citizen of the Republic of China, a country better known to us as Formosa. He entered the United States on November 2, 1964. At that time he was admitted here by the Service as a crewman and permitted to remain for a period not to exceed twenty-nine days. After having remained here beyond that time without authorization from the Service, he was located and given a hearing pursuant to an order to show cause before a special inquiry officer of the Service. At this hearing, petitioner, being represented by counsel, admitted that he was deportable and made application for voluntary departure in lieu of deportation, naming Formosa as the country to which he would go. In his decision of May 5, 1965, the special inquiry officer granted him leave to voluntarily depart within such time and under such conditions as the district director of immigration shall direct. This leave was subject to the further order that if he failed to depart as requested, the privilege of voluntary departure would be withdrawn, and he would be deported to Formosa on the charge contained in the order to show cause. His appeal to the Board of Immigration Appeals was dismissed.

In this review, beyond the claim that specifying Formosa as the country to which he is to be deported, the petitioner makes no additional allegation, nor does the record before us show it to be the situation, that the special inquiry officer participated in any of the investigative or prosecuting functions in his case. He concedes that Congress has granted the Attorney General of the United States the authority, subject to the limitations of § 243 of the Immigration and Nationality Act, 8 U.S.C.A. § 1253, to designate the country to which a person found to be deportable may be deported. He argues simply that the Attorney General may not delegate that authority to a special inquiry officer of the Service.

This same contention was made by Chung Leung and Msa Mio John in their applications for writs of habeas corpus filed in the United States District Court for the Southern District of New York. Each application was dismissed without opinion. Each applicant appealed to the United States Court of Appeals for the Second Circuit, and their appeals were heard together. At the conclusion of oral argument, that Court affirmed *per curiam* the dismissal of the applications. The Supreme Court of the United States denied certiorari on October 15, 1965, Chung Leung et al. v. Esperdy, District Director, Immigration and Naturalization Service, 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149. We agree with the decision of the Court of Appeals.

Petitioner presents the same arguments here as the applicants did in their habeas corpus proceedings in the Southern District of New York. Since there was no written opinion or opinions filed

in those proceedings, either in the Court of Appeals or in the District Court, we adopt as our judgment that which we can state no more explicitly than was stated by the Attorney General in his brief in opposition to the petitioner's writ of certiorari, when he said:

"Petitioners' suggestion that the place-of-deportation decision is an 'enforcement function' lacks merit. That decision, like the determination of deportability, is governed by explicit statutory criteria. See Sections 243 and 241 of the Immigration and Nationality Act; 8 U.S.C. 1253 and 1251. Both entail an assessment of factual and legal considerations, and in both instances the special inquiry officer is fulfilling the mandate of Section 242 (b) to 'make determinations, including orders of deportation.'"

The order of the Board of Immigration Appeals dismissing the appeal will be affirmed.